IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,384

STATE OF KANSAS,
*Appellee*,

v.

KYLE C. SCOTT,
*Appellant*.

SYLLABUS BY THE COURT

1.

When considering a motion for a departure under K.S.A. 21-6627(d), a district court errs as a matter of law by refusing to consider any of the six statutorily enumerated criteria as mitigating circumstances, if the facts support the existence of those criteria.

2.

When a district court abuses its discretion in ruling on a defendant's departure motion under K.S.A. 21-6627(d), any error is harmless if there is no reasonable probability that it affected the outcome in light of the record as a whole.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 22, 2025. Appeal from Shawnee District Court; DAVID B. DEBENHAM, judge. Oral argument held May 18, 2026. Opinion filed July 24, 2026. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Darby VanHoutan*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

1

*Jodi Sieve*, deputy district attorney, argued the cause, and *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

WALSH, J.: A jury found Kyle C. Scott guilty of rape and indecent liberties with a child. A panel of the Kansas Court of Appeals affirmed his convictions on appeal and further affirmed the district court's decision to deny his motion for a departure sentence. *State v. Scott*, No. 125,384, 2025 WL 2427637, at *1 (Kan. App. 2025) (unpublished opinion). We granted Scott's petition for review on one issue: the district court's denial of his motion for a departure sentence. Although we conclude that the district court erred, we hold the court's error harmless and thus affirm the district court's decision.

## FACTS AND PROCEDURAL BACKGROUND

Because the issue before us concerns Scott's sentence, rather than his guilt, we incorporate by reference the panel's summary of the underlying facts. *Scott*, 2025 WL 2427637, at *1-2. Briefly, Scott's charges arose out of his inappropriate sexual acts involving A.S., a three-year-old girl for whom Scott and his wife—now his ex-wife— were providing care in their at-home daycare. Scott's wife, who was the primary daycare provider, had been watching A.S. since she was about four months old, and A.S. was best friends with her daughter. Scott committed his crimes while his wife was out of the home, undergoing training for a new job working in a daycare center. At trial, Scott's now ex-wife testified that, prior to August 20, 2019, there was never a time when she was out of the home and Scott was in charge of watching the children. A.S. first disclosed Scott's acts on August 21, 2019.

The jury ultimately convicted Scott of two counts of aggravated indecent liberties and one count of rape.

2

Scott's counsel filed a presentencing motion for downward durational departure, citing, among other things, the fact that Scott had no prior criminal history. As we will discuss, the district court denied the motion at sentencing. The district court also merged the two aggravated indecent liberties convictions and, for the rape conviction and the merged aggravated indecent liberties conviction, sentenced Scott to concurrent lifetime sentences without the possibility of parole for 25 years.

Scott appealed. On appeal, a panel of the Kansas Court of Appeals rejected Scott's various claims concerning trial errors and ineffective assistance of counsel. *Scott*, 2025 WL 2427637, at *4-19. The panel also affirmed the district court's denial of Scott's downward durational departure motion. 2025 WL 2427637, at *19-20. Without commenting on Scott's argument that the district court erred by failing to recognize that the absence of criminal history is a statutory mitigating factor, the panel concluded the district court's denial of his departure motion was overall reasonable. 2025 WL 2427637, at *20.

Scott petitioned this court for review. We granted review only as to Scott's first issue, which challenges the panel's decision to affirm the district court's denial of Scott's motion for a departure. Jurisdiction is proper. K.S.A. 22-3601(a) (Court of Appeals has jurisdiction over appeals taken from final judgments in criminal cases, except where appellate jurisdiction is vested in the Supreme Court); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to correct decisions of the Court of Appeals).

ANALYSIS

Scott argues that the district court abused its discretion when it commented at sentencing that Scott's absence of a prior criminal history was not "really a valid

3

mitigating circumstance." Scott also argues that the panel erred by not addressing this facet of his argument. He asks that we reverse the district court's denial of his motion for departure and remand for resentencing.

By moving for a departure sentence below, Scott preserved this issue for appeal. *State v. Hopkins*, 317 Kan. 652, 660, 537 P.3d 845 (2023) ("A defendant preserves denial of a departure sentence for our review by moving for a departure at the district court and offering evidence in support, giving the district court a fair opportunity to rule on the merits."). And in his briefing before the panel, Scott specifically argued that the district court abused its discretion by committing an error of law in "fail[ing] to recognize" that a lack of criminal history was a statutorily enumerated mitigating circumstance. Although the panel addressed Scott's other arguments, it failed to consider this angle. An appellate court lacks discretion to ignore a properly preserved argument. Cf. *State v. Genson*, 316 Kan. 130, 135, 513 P.3d 1192 (2022) ("Appellate courts are obligated to address claims properly raised in district court and later appealed."). Thus, although the panel held that the district court did not abuse its discretion because its decision was overall reasonable, the panel erred by failing to address Scott's claim that the district court committed an error of law by refusing to accept a statutorily enumerated mitigating circumstance.

We review a district court's ruling on a departure motion for abuse of discretion. A district court abuses its discretion when its ruling is based on an error of law or of fact, or when its ruling is "arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the judge." *State v. Atkisson*, 308 Kan. 919, 926, 425 P.3d 334 (2018). Scott frames the district court's alleged abuse of discretion as the failure to consider a statutorily enumerated mitigating circumstance—an error of law, subject to de novo review. Cf. *State v. J.L.J.*, 318 Kan. 720, 734-35, 547 P.3d 501 (2024) ("When a party claims the district court abused its discretion by basing its decision on an error of law, this court exercises unlimited review."). We accept this framing.

*Atkisson,* 308 Kan. at 926 ("Whether it is appropriate for the district court to consider particular facts in ruling on a departure motion is a question of law requiring the court to interpret K.S.A. 2017 Supp. 21-6627[d][1].").

We begin with K.S.A. 21-6627(d), which governs the procedure surrounding motions for durational departure under Jessica's Law. K.S.A. 21-6627(d)(1) states, in relevant part:

> "On or after July 1, 2006, for a first time conviction of an offense listed in subsection (a)(1), the sentencing judge shall impose the mandatory minimum term of imprisonment provided by subsection (a), unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure."

K.S.A. 21-6627(d)(2)(A) provides that, "As used in this subsection, 'mitigating circumstances' shall include, but are not limited to, the following: (A) The defendant has no significant history of prior criminal activity."

As we have explained:

> "the proper statutory method when considering a departure from a Jessica's Law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015).

5

Even so, a district court need not explain its process when denying a motion for departure. *State v. Powell*, 308 Kan. 895, 908-09, 425 P.3d 309 (2018).

In addressing Scott's departure motion, the district court reviewed all six of Scott's alleged mitigating circumstances. Of the circumstances Scott offered in mitigation, only one was among the statutorily enumerated mitigating circumstances: the absence of prior criminal activity. K.S.A. 21-6627(d)(2)(A).

We have held that a district court commits an error of law when it fails to consider the correct statutorily enumerated mitigating factors. See *State v. Randolph*, 297 Kan. 320, 337, 301 P.3d 300 (2013) ("Yet, the sentencing judge did not recognize the lack of significant criminal history or the defendant's age as statutory factors."). See also *State v. Galloway*, 311 Kan. 238, 252-54, 459 P.3d 195 (2020) (district court committed an error of law by stating that the Legislature did not intend for courts to consider absence of criminal history as a mitigating factor when considering departures from a hard 50 sentence, even though absence of criminal history is the first enumerated factor under K.S.A. 21-6625[a]).

The district court set out the appropriate governing principles, noting that the question before it was, "[D]id the mitigating circumstances rise to the level of substantial and compelling reasons to depart?" It further explained that it cannot "weigh" the mitigating factors and could not "weigh any aggravating circumstances that may exist in this case against the mitigated—I'm considering, at this point, following the mitigating circumstances that have been alleged." The court then said:

> "In looking at the departures, there is a number of things. First, you have no prior record. I don't find that that is really a valid mitigating circumstance in this particular case. It's a crime that occurred on the—lack of prior record."

6

The district court then listed Scott's remaining five alleged mitigating factors, "find[ing]" only one—"that you are amenable to treatment"—"as a mitigating circumstance in this case." Notably, the court discounted "the fact that this is a one-time act" as a mitigating circumstance. Ultimately, as the court summarized:

"So in this case, I have found that there is one mitigating circumstance in this particular—on these factors. I do not find that that amounts to substantial and compelling reasons, though, to grant the departure. And I'm going to deny departure in this case."

The district court's qualifying language ("really . . . valid . . . in this particular case") raises some question as to whether it was rejecting Scott's absence of criminal history as a mitigating circumstance as a matter of law or, conversely, whether it simply did not consider that absence to constitute a substantial and compelling reason to depart. But the district court's choice of words and its subsequent discussion—which did not list Scott's absence of a criminal history in assessing whether the mitigating circumstances constituted substantial and compelling reasons to depart—suggests the former.

We ultimately agree with the panel that it was reasonable for the district court to conclude that there were no substantial and compelling reasons to depart. *Scott*, 2025 WL 2427637, at *20; see *Powell*, 308 Kan. at 917-18 (denial of departure motion under Jessica's Law affirmed despite the fact defendant had no criminal history along with other mitigating circumstances); *State v. Klavetter*, 60 Kan. App. 2d 439, 454-57, 494 P.3d 235 (denial of departure motion under Jessica's Law upheld even where defendant lacked any criminal history), *rev. denied* 314 Kan. 857 (2021).

But it was an error of law to discount lack of criminal history as a mitigating factor. Even if the district court's intent was to indicate that it did not find the absence of a criminal record, coupled with the amenability to treatment, to constitute a substantial and compelling reason to depart, the record reflects that the district court rejected that

7

lack of criminal history was a mitigating circumstance here. *Powell*, 308 Kan. at 918 (Beier, J., concurring) ("The words a district judge uses to describe what he or she is deciding and why matter. Indeed, they are often all an appellate court has to go on when determining whether the judge adhered to the law. Appellate judges do not sit to determine what a lower court judge must have meant to say. They sit to determine what he or she did say and whether the words used demonstrate an error under the applicable standard of appellate review.").

Lack of criminal history is—by virtue of statutory definition—a "mitigating circumstance" that "shall" be considered. K.S.A. 21-6627(d)(2). It was an error of law for the district court to conclude otherwise.

We also note that, although K.S.A. 21-6627(d)(2)(A)-(F) lists six criteria that the Legislature *explicitly* identified as "mitigating circumstances," the plain language of the statute does not limit a district court's consideration *only* to those six. Our decision today only concerns a district court's refusal to accept, as a mitigating circumstance, facts qualifying under one of the six specifically enumerated criteria. Thus, although we hold today that a district court commits an error of law by excluding from its consideration the fact that "[t]he defendant has no significant history of prior criminal activity"—the criteria listed in K.S.A. 21-6627(d)(2)(A)—our ruling does not address the appropriate lens through which to view a district court's refusal to consider any unenumerated criteria that *could* qualify as mitigating circumstances under the statute.

Because the district court's error is statutory in nature, rather than constitutional, any error is harmless if there is no reasonable probability that it affected the outcome. Cf. *Randolph*, 297 Kan. at 337. See also *State v. Haney*, 299 Kan. 256, 261-62, 323 P.3d 164 (2014) (reviewing for harmlessness the district court's abuse of discretion in denying

8

defendant's motion for continuance to allow defendant to obtain mitigation evidence; error ultimately deemed not harmless).

We have little difficulty concluding that the district court's error here was harmless. Instead, we agree with what the district court likely intended to say but *did not* say: that nothing about a lack of prior criminal history, on these facts, creates a substantial and compelling reason to depart. We need not belabor the shocking nature of Scott's crimes, or that they occurred upon his first apparent opportunity to be alone for the day with the victim. On the facts of the case, we cannot say that there is any reasonable probability any judge would have reached a different conclusion even if it had considered Scott's absence of a criminal history as a mitigating circumstance. Consequently, despite the district court's error, we ultimately affirm its decision to deny Scott's motion for a departure sentence and affirm the Court of Appeals' ultimate decision on this issue as right for the wrong reason.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.